## Ex parte W. A. J. Wooten.

TRIAL BY JURY. *Misdemeanors. Constitutional provision. Statute.*

> Section 31 of article 1 of the constitution declares that "The legislature, in cases of petit larceny, assault, assault and battery, affray, riot, unlawful assembly, drunkenness, vagrancy, and other misdemeanors of like character, may dispense with an inquest of a grand jury and may authorize prosecutions before justices of the peace." Under this provision a statute authorizing prosecutions before justices of the peace for violations of a law prohibiting the sale of intoxicating liquors is valid, notwithstanding it provides for a trial "without the intervention of a jury;" and the language quoted from the constitution seems to contemplate a trial by a justice of the peace rather than by a jury.

APPEAL from the decision of HON. W. S. FEATHERSTON, Judge of the second judicial district, on *habeas corpus.*

An act of the legislature, approved March 7, 1882, entitled, "An act prohibiting the sale of or giving away of intoxicating liquors within five miles of the University of Mississippi," provided in the second section thereof, (the first section having defined the offenses embraced in the act,) "That for each and every violation of this law the party offending shall, upon conviction, be fined not less than fifty nor more than one hundred and fifty dollars, or imprisoned not less than one nor more than six months, or [be punished] by both such fine and imprisonment * * * ; and the several justices of the peace of Lafayette County and the mayor of the town of Oxford shall, upon affidavit of any person, have concurrent jurisdiction with the circuit court of said county of all violations of the same [the statute] in said county, and trials be had in said mayor and justices' courts without the intervention of a jury, subject to appeals as in other criminal cases," etc.

W. A. J. Wooten was brought before a justice of the peace of Lafayette County upon a charge of violating this statute. He demanded a trial by jury, but the request was refused, and the justice of the peace himself tried the charge, found the accused guilty, and sentenced him to pay a fine of seventy-five dollars. In default of payment of his fine he was put in jail. Thereupon he applied for the writ in this case and asked to be released from his confinement

·on the ground that his request for a jury trial had been refused and he had been convicted by the justice of the peace. The judge, after hearing his case, remanded the relator to jail and he appealed to this court.

Section 31 of article 1 of our constitution (which is involved in the decision of this case) is in the following language: "No person shall, for any indictable offense, be proceeded against criminally by information, except in cases arising in the land or naval forces or the militia when in actual service; *provided,* that the legislature in cases of petit larceny, assaults, assault and battery, affray, riot, unlawful assembly, drunkenness, vagrancy, and other misdemeanors of like character, may dispense with an inquest of a grand jury, and may authorize prosecutions before justices of the peace or such other inferior court or courts as may be established by the legislature; and the proceedings in such cases shall be regulated by law."

*W. V. Sullivan,* for the appellant.

The right of trial by jury shall remain inviolate. Constitution of Mississippi, Art. 1, § 12.

In all criminal prosecutions, whether by indictment *or information,* the accused shall be entitled to a *speedy* and public trial by jury. Constitution, Art. 1, § 7; see Constitution of U. S., Art. 3, § 2, and Amended Art. 6.

There are no trials in any court upon *information* except before *justices of peace,* so the above *must* apply to trials in *their* courts. See *State* v. *Cox,* 3 Eng. 436 (Ark.); *Slaughter* v. *People,* 2 Doug. (Mich.) 344, and note.

There must always be, 1st, a judge; 2d, an accusation; 3d, *a jury,* to convict *lawfully* a person charged with crime. 2d ed. of 1 Bishop Cr. Pro., § 87, 890.

Perhaps it may be claimed that § 31 of art. 1 of Constitution of Mississippi qualifies this right of trial by jury.

This section, however, only refers to the *mode* of proceeding by *information* in petty misdemeanors, and relieves from the necessity of proceeding by indictment *only,* and has no reference · to the *trial.*

*J. L. Harris*, for the State.

The 31st section, art. 1st, of the Bill of Rights, dispenses with an inquest by a grand jury in certain misdemeanors,;and provides that " the proceedings in such cases shall be regulated by the legislature." If it is conceded that this language only authorizes the legislature to direct the proceedings in accordance with the other provisions of the constitution securing the right of trial by jury in all cases, still the statute under consideration does not violate the constitution, for it authorizes an appeal and provides for a jury trial of the cause upon the appeal. 1 Bishop on Criminal Procedure, § 759. *The State* v. *Brennan's Liq. Dealers,* 25 Conn. 278 ; *Marford* v. *Barnes,* 8 Yerger 444 ; *Wilson* v. *Simonton,* 1 Hawks 482 ; Cooley's Con. Lim., § 410, p. 507, note and cases cited.

There can be no valid jury trial with less than twelve men, and yet we find that in no case, civil or criminal, before a justice of the peace is a jury of more than six authorized. Code 1880, §§ 2222, 2226.

If it is competent for the legislature to authorize a trial before a justice of the peace by a jury of less than twelve, it is competent to dispense with the intervention of a jury altogether.

Campbell, C. J., delivered the opinion of the court.

Section 31, art. 1, of the constitution of this State empowers the legislature to authorize prosecutions before justices of the peace or other inferior courts of its creation in cases of misdemeanors of the character enumerated, viz.: petit larceny, assault and battery, and others mentioned for illustration, and to regulate the proceedings in such cases. So far from its being the constitutional right of one thus prosecuted before a justice of the peace or other inferior court to be tried by a jury, it may be seriously doubted whether the introduction of a jury by act of the legislature is not a marring of the constitutional scheme for the trial of petty offenses by a justice of the peace or other inferior court to be created. There is no allusion to a jury in the section cited, and the language employed suggests a trial by the justice of the peace or other court, rather than by a jury in such court.      *Judgment affirmed.*