HON. LYNN B. WATKINS,
HON. JOSEPH A. BREAUX,
HON. HENRY C. MILLER,  } *Associate Justices.*
HON. NEWTON C. BLANCHARD.

---

No. 12,716.

### STATE EX REL. LAWRENCE L. LEWIS VS. LOUIS ARNAULD, RECORDER.

A party can not be arrested and kept in prison five days merely on an affivavit that he is dangerous and suspicious, or that he has violated an ordinance embracing numerous offences with no specification of the offence intended to be charged. Horr & Bemiss Municipal Ordinances, Secs. 165, 172, 173.

This court, by its writs of *certiorari* and prohibition directed to the committing magistrate, has the power to order the release of the party from such imprisonment. Const., Art. 90.

ON APPLICATION for writs of *Mandamus*, Prohibition and *Certiorari.*

*John C. Wickliffe* for Relator.

---

Submitted on briefs January 3, 1898.
Opinion handed down January 4, 1898.

State ex rel. Lewis vs. Recorder.

The opinion of the court was delivered by

MILLER, J.    The relator seeks the writs of *certiorari* and prohibition to arrest further proceedings in the prosecution against him in the Sixth Recorder's Court for an alleged violation of the Ordinance No. 5046, Administration Series, of the Common Council of this city.

The affidavit charges the relator with the violation of the Ordinance 5046, relative to dangerous and suspicious characters. The ordinance referred to in the affidavit, it is conceded, is grouped in paragraphs 3054, 3055 and 3056, Flynn's Digest.    These paragraphs specify various offences—living without working, though able to maintain himself, and other forms of vagrancy; loitering in front of churches during services therein, remaining in front of theatres or other places of public amusement; loitering on the public streets; habitual drunkenness, and other transgressions of public order or decency.

While the proceedings before the recorders' courts are not subjected to the rules in respect to the structure of indictments or informations for crime, still, it is essential that the affidavit before the committing magistrate should be reasonably certain as to the offence intended to be charged.    "Neither the strictness of the common law requirements or the technical accuracy of indictments need be observed.    Still, a complete statement of the offence must be made, and is not satisfied by the simple allegation that defendant has violated a certain ordinance."    Horr & Bemiss Municipal Ordinances dealing with the procedure generally for violations of municipal ordinances, Secs. 165, 172, 173.

In this case the relator has been arrested and imprisoned for over a week on an affidavit which simply charges a violation of "Ordinance No. 5046 relative to dangerous and suspicious characters," giving no indication whatever which of the numerous offences embraced in the ordinance is intended to be charged.    "Dangerous and suspicious" used by the affiant does not occur in the ordinance, and the conclusion of the officer making the arrest that the party is "dangerous and suspicious," is not the equivalent of the statement of any offence known to the law.    We can not reveiw the question of the refusal of the recorder to accept the bail offered by the relator, but on the other ground that the relator has been imprisoned for over a week merely on an affidavit that he is "dangerous and suspi-

cious," it seems to us, the imprisonment is beyond the jurisdiction of the recorder.

It is therefore ordered, adjudged and decreed that the Sixth Recorder's Court be and it is hereby prohibited from any further proceedings on the affidavit against the relator, and that he be released from custody on said charge.