GASTON TELHEARD *v.* CITY OF BAY ST. LOUIS.

### [40 South. Rep., 326.]

1. CRIMINAL LAW. *Indictment. Affidavit. Constitution* 1890, *sec.* 26.

   Constitution 1890, sec. 26, providing that in all criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation against him, applies to all prosecutions before all inferior courts.

2. SAME. *Municipalities. Ordinances.*

   An affidavit which charges that the accused on a certain date, within the limits of the city, violated an ordinance of the municipality, designating the same by number and section, is insufficient within the meaning of Constitution 1890, sec. 26, providing that the accused shall have the right to demand the nature and cause of the accusation against him.

3. SAME. *Appeal.*

   On a prosecution for the violation of a municipal ordinance the sufficiency of the affidavit charging the offense may be raised for the first time on appeal where the question presented affects the constitutional right of the accused.

FROM the circuit court of Hancock county.

HON. WILLIAM T. McDONALD, Judge.

Telheard, the appellant, was convicted, before the mayor of the city, of violating an ordinance of the city of Bay St. Louis, and appealed to the circuit court, where he was again tried and convicted, and appealed to the supreme court.

The affidavit upon which the prosecution was based charged that the accused "did, on or about the 10th day of June, 1905, within the limits of the city of Bay St. Louis, then and there violate ordinance No. 2, sec. 7, of said city."

*W. J. Gex,* for appellant.

Constitution 1890, sec. 26, provides, among other things, that "the accused shall have the right to be heard, by himself or coun-

sel, or both, to demand the nature and the cause of the accusation," etc.

The fact that the trial in the lower court was had upon an agreed statement of facts will not preclude the appellant from taking advantage of the void affidavit in this court.

This very question, as well as that the necessity of the allegations of every ingredient constituting the crime against the accused shall be alleged in the affidavit on the indictment, has been so ably and fully discussed and conclusively passed upon by this court in the case of *Newcomb* v. *State,* 37 Miss., 383, that we deem it a waste of time to rehearse them here.

*R. V. Fletcher,* assistant attorney-general, for appellee.

The question lying at the threshold of the case is as to whether appellant has been denied the constitutional right "to demand the nature and cause of the accusation." It is argued that the affidavit filed in this case is insufficient to meet this requirement, since the affidavit simply refers to the section of the ordinance violated, and charges that it has been violated, without specifying the particular acts constituting such violation. No objection to this affidavit was made in the court below, and the attack upon the affidavit is made here for the first time. Had timely objection been interposed—even if it be held that a written charge, affidavit, or complaint was necessary—the affidavit on file could have been amended. Such seems to be the weight of authority. *City of Huntington* v. *Pease,* 56 Ind., 305; *People* v. *Pillion,* 78 Hun. (N. Y.), 74; *Memphis* v. *O'Connor,* 53 Mo., 468; *State* v. *Goulding,* 44 N. H., 284; *Thompson* v. *State,* 51 Miss., 353.

But it is a sufficient answer to this objection that the court in which this suit originated is an inferior court, having such jurisdiction as is conferred by the charter of the municipality.

The case of *Alton* v. *Kirsch,* 68 Ill., 461, is a direct and clear authority for this position. It holds that complaints in these inferior, municipal courts may be oral, and that, in the absence

of a showing that the ordinances require a written complaint, a defective written complaint will not vitiate the proceedings. This case is on all fours with the case at bar.

WHITFIELD, C. J., delivered the opinion of the court.

The provision of Constitution 1890, sec. 26, that in "all criminal prosecutions the accused shall have the right to demand the nature and cause of the accusation," applies to all criminal prosecutions before inferior courts. The affidavit furnishes the defendant with no information as to the nature or cause of the accusation. The reason why jury trials may be dispensed with before justices of the peace, or "such other inferior courts as may be established by law," is because sec. 27 of the constitution so provides. *Ex parte Wooten,* 62 Miss., 174, rests upon that provision. The very able and ingenious argument made by the attorney-general to the effect that these summary proceedings, in municipal and police courts, do not come within sec. 26 of the constitution, cannot be maintained in this state under our decisions. It is immaterial that the point is made here for the first time, since it affects the constitutional right of the defendant. *Newcomb* v. *State,* 37 Miss., 383; *Arbuckle* v. *State,* 80 Miss., 15 (31 South. Rep., 437).

*Reversed and remanded.*