WALTER HENDERSON *vs.* STATE OF DELAWARE.

1. CRIMINAL LAW—JUDICIALLY NOTICED THAT BRANDYWINE HUNDRED IS IN NEW CASTLE COUNTY.

Court will take judicial notice that Brandywine hundred is in New Castle county.

2. CRIMINAL LAW—DESIGNATION OF LENGTH OF IMPRISONMENT ON NON-PAYMENT OF FINE HELD UNNECESSARY.

Justice of the peace need not designate length of imprisonment in case of nonpayment of fine, since *Rev. Code* 1915, § 4815, provides for term of imprisonment in commutation of fine and costs.

3. CRIMINAL LAW—CHARGE OF VIOLATION OF "MOTOR VECHICLE LAWS, * * * SECTION 202," HELD NOT SUFFICIENTLY DEFINITE.

Record of justice of the peace in criminal case must charge commission of some specific and distinct crime, in order that defendant may plead any judgment rendered as bar to subsequent prosecution for same offense, and a

Syllabus:—Opinion.

charge that defendant violated "the motor vehicle laws of the state of Delaware *Section* 202," is not sufficiently definite.

(*March* 5, 1925.)

RODNEY, J., sitting.

*J. Frank Ball* for defendant below.

*James R. Morford* for State.

Superior Court for New Castle County, January Term, 1925.

This is a *certiorari* to William Black, Esq., a Justice of the Peace of New Castle County. The record below shows "that a certain Walter Henderson at Brandywine Hundred on the 20th day of July, A. D. 1924, did violate the motor vehicle laws of the State of Delaware, *Section* 202. * * * After hearing the evidence I adjudged him guilty and imposed a fine of $200.20 and costs."

Three exceptions were filed to the record.

(1)  That it does not appear that the act was committed in New Castle County.

(2)  That the sentence was incomplete and provided no remedy in case of the failure to pay the fine imposed.

(3)  That the record discloses that the defendant below was charged with only a conclusion of law and not with the violation of any specific act.

RODNEY, J., delivering the opinion of the Court:

[1]  The first exception must be overruled. This Court will take judicial notice that Brandywine Hundred is in New Castle County. 1 *Harr.* 326, note *A*; *State v. Tootle*, 2 *Harr.* 541.

[2]  The second exception is also denied. A statute of this state, *Section* 4815 of *Revised Code* of 1915, provides for the term of imprisonment in commutation of fine and costs. It is not necessary for a Justice of the Peace to designate the length of imprisonment in case of the non-payment of a fine imposed by him. See *Commonwealth v. Borden*, 61 *Pa.* 277.

[3]  The third exception must be sustained. It is necessary that the record of the Justice of the Peace in a criminal case must charge the commission of some distinct and specific crime. This

is based not only upon the fact that the prisoner may know the charge he has to meet, but in order that the defendant may be enabled to plead any judgment which may be rendered in the case as a bar to a subsequent prosecution for the same offense. This is especially true when, as in this case, the statute cited makes it unlawful to operate a motor vehicle "while under the influence of intoxicating liquor or of any drugs." I am of the opinion that a charge that the defendant violated "the motor vehicle laws of the State of Delaware *Section* 202," is not sufficiently definite. See *Telheard v. City of Bay St. Louis*, 87 *Miss.* 580, 40 *So.* 326; *State ex rel. Lewis v. Arnault*, 50 *La. Ann.* 1, 22 *So.* 886; *People ex rel. Sandman v. Tuthill*, 79 *App. Div.* 24, 79 *N. Y. S.* 905.

The judgment below is reversed.