YARBER *v.* STATE.

In Banc. April 10, 1950.

No. 37353 (45 So. (2d) 596)

**Windham & Cunningham,** for appellant.

**R. O. Arrington,** Assistant Attorney General, for appellee.

**Smith, J.**

One, Strange, had been indicted by the Grand Jury of Prentiss County, and a special venire ordered to try the case. Among the members of this venire was A. L. Rushing. This case revolves around him and the appellant, in connection with the special venire for the trial of Strange.

At the February 1949 term of the circuit court, the district attorney filed an information against appellant, praying that he be cited for constructive contempt of court. The facts alleged therein are: "That on or about the 23rd of February, 1949 and at a time when the said Rushing had been drawn and served with process for jury service on said venire that the defendant, Owen Yarber, approached the said A. L. Rushing in Prentiss County, Mississippi, and informed the said Rushing that he understood that Rushing was drawn for jury service in the aforesaid case, that he the said Yarber was interested in Strange's welfare, that he felt that Strange should be acquitted and there requested that the said Rushing if he qualified and was finally selected as a juror to try said cause that he do all that he could to prevent the conviction and punishment of the said Strange; . . .".

Appellant filed an answer denying the charge, although admitting a conversation with Rushing in which he alleged he said to Rushing merely, "If, after hearing all the evidence you are not convinced that Strange is guilty of any offense, you ought to stand by that conviction regardless of what the other jurors do." Appellant alleged further that if this statement were improper, he regretted it, and meant no contempt, or to influence the veniremen or to obstruct justice.

The defendant, "personally and by his attorney in open court waived his right to a hearing before the court on said charge and agreed that the Judge of the Court may hear and determine said cause in vacation; . . ." quoting from the court's order.

At the trial, Rushing testified that appellant came to his home, about twenty-two miles from Booneville, at 9 o'clock at night, after he had retired; that appellant knew he, Rushing, was on the special venire in the Strange case; that he knew and was a friend of Strange, and considered the witness a respectable man; that he wanted the venireman to be as light on Strange as he possibly could; stating that Strange had made a mistake, and was in trouble and for Rushing to be as light on Strange as he possibly could without doing anything he thought he should not do, and that Strange would try to repay Rushing some way or the other. To this Rushing replied, that he did not know whether he would serve on the Strange case or not, but if so, he would listen very closely to the evidence and that if there were any doubt in his mind he would be charged by the court to give the defendant the benefit of it.

It will appear from the foregoing that appellant was tactful and subtle, and indulged skillfully and diplomatically in euphemistic camouflage of his purpose in making the visit to Rushing. Rushing stated on cross-examination that appellant did not ask him to hang the jury or acquit the defendant, that he was only asking

that Rushing not do anything that did not suit him to do. But, on redirect examination, he reiterated, in substance, that he was told that Strange would repay him. Rushing was the only witness in the case.

The trial judge found appellant guilty of constructive contempt, fined him, and sentenced him to a brief term in jail. On appeal here, he assigns this action as error.

There was no point in appellant going out to Rushing's remote home at 9 o'clock at night, arousing him, in order to compliment him and admonish him to do his duty. As a friend of Strange, he softened the charge against him from a crime to a regretted mistake, evidently intent upon action favorable to Strange if Rushing should serve on the trial jury, delicately implying a reward of some nature.

Appellant contends that since he went to trial protected by a presumption of innocence, and since, under the decisions of this Court, he must not be convicted except upon evidence beyond a reasonable doubt, he should have been acquitted on the testimony, which was insufficient under these tests. He correctly cites the following case sustaining his argument as to the law: Brannon v. State, 202 Miss. 571, 29 So. (2d) 916. However, we are constrained to agree with the view of the lower court: "Under the circumstances, the facts given in evidence here, this Court is of the opinion that such conduct was calculated to influence the juror and cause him to prejudge the case,"—in other words, an intention to obstruct justice and to interfere with the proper function of the jury, as a part of the court. Sullens v. State, 191 Miss. 856, 4 So. (2d) 356; Brewer v. State, 176 Miss. 803, 170 So. 540; 17 C. J. S., Contempt, Section 22(b).

The judgment of the lower court is affirmed.
Affirmed.