NEWTON *v.* STATE.

Division B. May 14, 1951.

No. 37991 (52 So. (2d) 488)

T. J. Wills and J. Ed Franklin, for appellant.

646

**Geo. H. Ethridge**, Assistant Attorney General, for appellee.

Arrington, C.

The appellant was tried and convicted in the County Court of Forrest County, Mississippi, on an affidavit charging him with the unlawful sale of intoxicating liquor, to wit: whiskey, and was sentenced by the court to pay a fine of $500 and serve ninety days in jail, from which judgment he appealed to the Circuit Court of Forrest County, where the judgment was affirmed.

The appellant argues three assignments of error, one of these being that the court erred in denying him a trial by jury. The affidavit in this case was filed in the County Court of Forrest County on October 19, 1948. The appellant was arrested, according to the warrant, on October 20, 1948, and placed in jail. The record shows that the appellant was tried by the court without a jury on May 7, 1949. The record is silent as to the arraignment of the appellant and when the right to trial by jury was waived, if demand was made for jury trial at time of arraignment.

As to what transpired at the May term of the county court when the appellant was tried, the record shows: "Motion by T. J. Wills: In the case of the State versus F. T. Newton, comes F. T. Newton and requests a jury trial. Mr. Finch: Of course, if the Court please, I would like to make this observation that at the time this case was ready to try in this court—that the Defendant, F. T. Newton waived a jury—the Court is familiar with that. Defendant waived a trial by jury and agreed to try it before this Court in the absence of a jury. Mr. Wills: But let the record show that that was in 1948—this is May 6, 1949—much water has gone over the dams since that time, and the Defendant now exercises his constitutional right to demand that he be tried before a jury. By the

Court: Motion is overruled. Months ago this case came up for trial and we were all ready to try it and the witnesses were in and the Defendant then and there expressly waived a jury, so that he would not be faced with a jury trial at that time for reasons best known to himself and his attorney. This case has come up a number of times— all witnesses here—some of them have come from great distances and it would be expensive to the State to further delay this case—it has already been delayed many months—for that reason the motion is overruled.''

Section 1615, Code of Mississippi 1942, County Courts, provides in part as follows: ''. . . Either party to a suit or proceeding in the county court may demand a jury but in civil cases the demand shall be made by the plaintiff, if made by him, with the filing of the declaration, and if made by the defendant, on the filing of his plea;· in criminal cases if a jury is desired by either party the demand shall be made at the time the defendant is arraigned. But the court may in its discretion allow a jury trial for any cause arising after either of such events . . .''

In the case of City of Jackson v. Clark, 152 Miss. 731, 118 So. 350, 351, the Court held that the failure of the City of Jackson, defendant to request a jury trial upon filing its plea to the declaration waived its right to trial by jury after amendment was made to the declaration. It will be observed that this case was tried and disposed of at the same term of the county court. The court in this case, with reference to the defendant, City of Jackson, having waived its right to a jury trial, said: ''The right of trial by jury is a cherished one, and the policy of the courts everywhere seems to be liberal in safeguarding this right against infringement. It was incorporated into our own Constitution of 1890, section 31 thereof providing: 'The right of trial by jury shall remain inviolate.' See, also, 35 C. J. 147; 16 R. C. L. 198; Isom v. [Mississippi Central] R. R. Co., 36 Miss. 300.

"This constitutional provision must be interpreted to mean that it shall never be destroyed, annulled, nor so hampered or restricted by legislation as to make the provision a nullity. It does not mean that it shall be totally immune from all reasonable regulations. Any reasonable regulation, free from arbitrary and unreasonable provisions regarding the enjoyment of the right, will not be a denial or impairment thereof. 16 R. C. L. 196, and authorities cited. . . . Defendant's failure to request a jury upon filing its original plea constitutes, in our judgment, a waiver of its right to jury trial. We do not mean to hold that there might not be amendments in pleadings so changing the character of suits or defenses as to entitle the opposite party to demand a jury, although none was demanded with the first declaration or plea filed. Such a contingency is amply provided for in the statute quoted, wherein it is said: 'But the court may, in its discretion, allow a jury trial for any cause arising after such event.' Request for a jury under such a situation would address itself to the discretion of the trial court. There was no abuse of the trial court's discretion in the instant case.

"The judgment of the court below will be affirmed."

In the instant case, the record shows that the appellant had waived a trial by jury as stated by the court "months ago, . . . so that he would not be faced with the jury trial *at that time* . . ." Assuming that he was arraigned at the November term of county court, 1948, following his arrest on October 20, 1948, there was a delay of six months between his arraignment and the trial in May, 1949.

We are of the opinion that upon the facts in this case, the court, in the exercise of a sound judicial discretion, expressly given under the statute, Sec. 1615, was in error in not granting the appellant a trial by jury. There is no merit in the other assignments.

Reversed and remanded.

## PER CURIAM.

The above opinion is adopted as the opinion of the Court, and for the reasons therein indicated, the judgment of the court below is reversed and remanded.