Young *v.* State

No. 40427        March 11, 1957        93 So. 2d 452

Quitman Ross, Geo. D. Maxey, Laurel, for appellant.

John H. Price, Jr., Asst. Atty. Gen., Jackson, for appellee.

Lee, J.

From a conviction for contempt of court and a sentence of $150.00 and 60 days in jail, with $100.00 of the fine and the jail sentence suspended during good behavior, T. A. Young appealed.

The district and county attorneys filed in the Circuit Court of Jones County an information against Young wherein he was charged with unlawfully attempting to influence a juror in the case of State of Mississippi vs. Morgan Holifield, and thus impede the administration of justice.

Ellis Holloway had been summoned for jury service during a week of the May 1956 Term of the Circuit Court of Jones County, when the Holifield case was set for trial. Mrs. Ellis Holloway testified that, one afternoon when she was at the Little League Baseball Park at Calhoun School, Young came to her and said that he had heard that Ellis, her husband, was going to be on the jury, and he would like for her to hand her husband a note, which had some names on it including the names of both Young and Holloway, and see if they could help Mr. Holifield in the case. She accepted the note, gave it to her husband, and told him what Young had said.

Ellis Holloway testified that his wife gave him the note and conveyed Young's message. He did not know the men, whose names appeared on the paper, and did not contact them. Furthermore, he served on the jury and was not influenced by this message. He said that he went according to the evidence, and was one of the two jurors who voted for conviction.

The defendant neither testified nor offered any other evidence.

The court held that Young knew that Holloway was a juror on the venire for the week in which the Holifield case would be tried, and that he was guilty of a wilful attempt to influence the juror in the performance of his duty and thereby prevent him from impartially discharging his duty as a juror.

The appellant contends that the trial court erred in denying him a jury trial. In the case of O'Flynn et al v. State, 89 Miss. 850, 43 So. 82 (1907), involving a constructive contempt out of the presence of the court, where the trial court denied the defendant the right of trial by jury, this Court found it unnecessary to discuss this question at length "further than to say that the overwhelming weight of authority is that in such cases they (the defendants) were not entitled to a jury trial". The opinion cited 4 Ency. Pl. and Prac. 789; 9 Cyc. Law and Pro., 47. A good discussion of the inherent and plenary power of courts to punish for contempt is found in 17 C. J. S., Contempt, Sec. 43, pp. 55-8. See also Melvin v. State, 210 Miss. 132, 48 So. 2d 856. This denial was not error.

The appellant also contends that the evidence was not sufficient to warrant a conviction, and that the court erred in applying the law of contempt to the facts of this case. Manifestly the evidence was sufficient to establish the guilt of the contemnor beyond a reasonable doubt. Jones v. State, 208 Miss. 762, 45 So. 2d 576; Sullens v. State, 191 Miss. 856, 4 So. 2d 356; Brewer v. State, 176 Miss. 803, 170 So. 540; Yarber v. State, 208 Miss. 806, 45 So. 2d 596; 12 Am. Jur., contempt, Sec. 20, p. 402; 17 C. J. S., Contempt, Sec. 22b, pp. 28-9.

Appellant also says that the court imposed excessive punishment, contending that Section 1656, Code of 1942, which deals with contempts while courts are sitting, applies.

In Melvin v. State, supra, the court dealt with this specific question. It was said that Section 1656, supra,

"defines the extent of the punishment only while the court is sitting, but that it does not exclude the power to punish for contempt while the court is not sitting". It was there held that the power to deal with constructive contempts is derived from the inherent powers of the court. The opinion cited Sections 159, 160, 161, Code of 1890; Ex Parte Adams, 25 Miss. 883; Watson v. Williams, 36 Miss. 331; 17 C. J. S., Contempt, Sec. 43, pp. 55-60.

From which it follows that this cause must be affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.