222 So.2d 690 (1969)
William B. HINTON
v.
STATE of Mississippi.
No. 45302.
Supreme Court of Mississippi.
May 5, 1969.
A.S. Scott, Jr., Carl Dexter Ford, Laurel, for appellant.
Joe T. Patterson, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen., Jackson, for appellee.
ROBERTSON, Justice:
The appellant, William B. Hinton, was found guilty of constructive contempt of the Circuit Court of the Second Judicial District of Jones County, Mississippi, and was sentenced to be confined in the county jail for a period of six months and to pay a fine of $500.
The Information charged:
"I. That heretofore at this term of Circuit Court there was on the docket of this Court the case styled State of Mississippi vs. Lucille Yount, #3038, set for trial June 19, 1968. That a jury was lawfully drawn to serve for the week beginning Monday, June 17, 1968, and that the Defendant, William B. Hinton, was one of the jurors drawn to serve during said week.
"II. That thereafter on the aforesaid trial date the Defendant, together with the other members of the said jury panel, were seated in the jury box after being sworn by the Clerk of said Court, according to law, to, amongst other things, `well and truly answer all questions propounded to them concerning their qualifications as prospective jurors' in the case at bar.
"That the Court in its preliminary examination of all of said jurors inquired whether any of them or their families were represented by any of the lawyers trying the aforesaid case and all of said jurors, including the Defendant, gave a negative answer.
"That the aforesaid jury was then tendered to the District Attorney and he on voir dire examination, amongst other questions, asked the said jury the following: `Do the attorneys for the Defendant represent any of you jurors or any member of your families in any matter or in any Court at the present time or have they in the past?' To this question, all of the prospective jurors on said jury panel, including the Defendant, gave a negative answer.
"That after the voir dire examination was concluded and at a time when the District Attorney had not exhausted all of his peremptory challenges on the jury for the State of Mississippi, twelve members *691 of said jury panel, including the Defendant, were accepted by both parties as the trial jury and were lawfully sworn to try the said case.
"III. That Percy Quinn, attorney at law, was one of the lawyers present representing the Defendant Mrs. Yount in the above styled cause, and at the same time represented the Defendant juror's wife, Mary Lillian Hinton, in the case styled City of Laurel, Mississippi, vs. Mary Lillian Hinton, #20183 on the City Court docket of the City of Laurel, Mississippi, which case had been appealed to the County Court for the Second Judicial District of Jones County, Mississippi, and is #5665 on said County Court docket now pending.
"That said juror, William B. Hinton, well knew that said Percy Quinn was his wife's lawyer, as aforesaid, and knowingly, wilfully, falsely and corruptly concealed said fact from the said District Attorney on the aforesaid voir dire examination; and had he told the truth and revealed said relationship between he and his said family and said lawyer for the Defendant on trial, the said William B. Hinton would have been challenged and excused for cause or peremptorily challenged by the District Attorney at said time when the State of Mississippi had not exhausted its peremptory challenges, according to law.
"IV. That the aforesaid acts and conduct on the part of the Defendant, William B. Hinton, constitute constructive contempt and were calculated by the said Defendant to obstruct, impede, degrade, embarrass, defeat, and corrupt the administration of justice in this Court."
The assignment of error contends that three errors were committed by the circuit court. We find that only one of these assignments of error merits comment and discussion by this Court. That assignment is that the appellant should have been proceeded against, if at all, on an indictment and with a jury.
In Clark v. United States, 61 F.2d 695 (8th Cir.1932), it was held that the falsity of responses to the district judge of a prospective juror who served on a mail fraud case was not known to the judge and the judge had no way of knowing the falsity thereof.
The court said:
"We agree with the argument of counsel that the contempt, if any, was what the law regards as a `constructive' contempt, rather than a `direct' one.
"The alleged contempt, while within the presence of the court, could not be known to the court in its judicial knowledge or observation, and hence there could not be summary punishment. * * *" Id. at 698-699. (Emphasis added).
In Young v. State, 230 Miss. 525, 93 So.2d 452 (1957), the appellant contended that the trial court erred in denying him a jury trial. He was fined $150 and sentenced to be confined in jail for sixty days. This Court held that appellant was not entitled to a jury trial.
The Supreme Court of the United States considered this question in Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968).
The Court said:
"United States v. Barnett [376 U.S. 681, 12 L.Ed.2d 23, 84 S.Ct. 984 (1964), reh. den. 377 U.S. 973, 84 S.Ct. 1642, 12 L.Ed.2d 742 (1964)], signaled a possible change of view. The Court of Appeals for the Fifth Circuit certified to this Court the question whether there was a right to jury trial in an impending contempt proceeding. Following prior cases, a five-man majority held that there was no constitutional right to jury trial in all contempt cases. Criminal contempt, intrinsically and aside from the particular penalty imposed, was not deemed a serious offense requiring the protection of the constitutional guarantees of the right *692 to jury trial. However, the Court put aside as not raised in the certification or firmly settled by prior cases, the issue whether a severe punishment would itself trigger the right to jury trial and indicated, without explication, that some members of the Court were of the view that the Constitution limited the punishment which could be imposed where the contempt was tried without a jury. 376 U.S., at 694-695 and n. 12, 84 S.Ct. at 991-992.
"Two years later, in Cheff v. Schnackenberg, (384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966), which involved a prison term of six months for contempt of a federal court, the Court rejected the claim that the Constitution guaranteed a right to jury trial in all criminal contempt cases. Contempt did not `of itself' warrant treatment as other than a petty offense; the six months' punishment imposed permitted dealing with the case as a prosecution for `a petty offense, which under our decisions does not require a jury trial.' 384 U.S. 373, 379-380, 86 S.Ct. 1523, 1525 (1966).
* * * * * *
"Our deliberations have convinced us, however, that serious contempts are so nearly like other serious crimes that they are subject to the jury trial provisions of the Constitution, now binding on the States, and that the traditional rule is constitutionally infirm insofar as it permits other than petty contempts to be tried without honoring a demand for a jury trial. We accept the judgment of Barnett and Cheff that criminal contempt is a petty offense unless the punishment makes it a serious one; * * *." 391 U.S. at 196-198, 88 S.Ct. at 1479-1480, 20 L.Ed.2d at 525-526. (Emphasis added).
We agree with the reasoning of the Court in Bloom v. Illinois, supra, that the punishment imposed should be looked to to determine whether the offense is petty or serious. We conclude that where the confinement is not more than six months and the fine not more than $500, that the offense is a petty one and the accused is not entitled to a jury trial under the Sixth Amendment to the Constitution of the United States. The judgment of the trial court is therefore affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, JONES, and PATTERSON, JJ., concur.