258 So.2d 801 (1972)
George McGOWAN
v.
STATE of Mississippi.
No. 46705.
Supreme Court of Mississippi.
February 28, 1972.
Rehearing Denied March 20, 1972.
*802 W.S. Moore, Jackson, for appellant.
A.F. Summer, Atty. Gen., by Timmie Hancock, Sp. Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Chief Justice:
George McGowan was enjoined by the Chancery Court of Jefferson Davis County from conducting the unlawful business of keeping and selling intoxicating liquor on certain premises. Miss.Code 1942 Ann. § 2646 (1957). He was cited for contempt of court for violating the injunction and thereupon moved the court to grant a jury trial on the contempt issue. The motion was overruled and the issue was tried before the chancellor, who found McGowan guilty of contempt and imposed a penalty of five months' imprisonment in the county jail and a fine of $750. Miss.Code 1942 Ann. § 1278 (1957).
The sole question presented in this case is whether under the Constitution of the United States, Article III, section 2, and under the Mississippi Constitution, Article III, sections 26, 31, the trial court erred in overruling McGowan's motion for a jury trial. Appellant contends that his fine in the amount of $750 takes this criminal contempt case out of the petty offense category and places it in the serious offense category, requiring a jury trial.
The United States Supreme Court has enunciated the rule that in determining whether a contempt is to be treated as serious or petty, the court should look to the maximum sentence which could be imposed under a state statute where the maximum penalty has been set thereunder; and where a state statute provides no maximum punishment, the court should look to the penalty actually imposed as the best evidence of the seriousness of the offense. Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968); Duncan v. La., 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968); and Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966). Baldwin v. New York, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970), further clarified the distinction between serious and petty crimes by holding that "no offense can be deemed `petty' for purposes of the right to trial by jury where imprisonment for more than six months is authorized." (399 U.S. at 69, 90 S.Ct. at 1888, 26 L.Ed.2d at 440). In each of these cases, the Supreme Court was considering the constitutional right of an individual to a jury trial in relation to the length of his prison term, rather than the amount of his fine. The United States Supreme Court only made brief mention of fines, and did not consider the question of whether fines are a factor in determining the seriousness of a crime.
We find no case in which the United States Supreme Court has limited the amount of a fine to $500 without a jury trial, where only a fine was imposed for criminal contempt. However, that Court has upheld convictions for criminal contempt where a fine in excess of $500 was imposed as a sole punishment. Cheff v. Schnackenberg, supra; United States v. United Mine Workers of America, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1946). Cf. In Re Jersey City Education Ass'n, 115 N.J. Super. 42, 278 A.2d 206 (1971); Rankin v. Shanker, 23 N.Y.2d 111, 295 N.Y.S.2d 625, 242 N.E.2d 802 (Ct.App. 1968). We feel that there is an important distinction here which charts a line of demarcation between crimes of serious and petty nature. What is significant is whether, as in the case at bar, there was not only a fine imposed, but also a jail term.
In Hinton v. State, 222 So.2d 690 (Miss. 1969), this Court quoted at length from the Bloom case, supra, and held:
We conclude that where the confinement is not more than six months and the fine *803 not more than $500, that the offense is a petty one and the accused is not entitled to a jury trial under the Sixth Amendment to the Constitution of the United States. (222 So.2d at 692).
Thus this Court adopted six months' imprisonment and $500 fine as the maximum punishment which may be imposed in this state upon an individual without a jury trial. We did not, nor do we now, consider the situation where only a fine is imposed. However, we do recognize a strong precedent for approving fines exceeding $500 without a jury trial where only a fine is imposed as punishment. Cheff and United Mine Workers, supra.
We have read and considered carefully the case of United States v. R.L. Polk & Co., 438 F.2d 377 (6th Cir.1971), which involved a motion by a corporation to correct a sentence under which it was fined $35,000 for criminal contempt. The corporation contended and the Court so held that the imposition of a fine on a corporation in excess of $500 no longer permitted the offense to be characterized as petty. The Court concluded that the test in determining whether an offense is petty or serious is to look at the objective criteria found in the existing laws of the nation. The Court further stated:
However, no existing laws of the nation, other than 18 U.S.C. § 1,[1] have been disclosed to us which would provide any other objective standard of what constitutes a "serious" financial penalty to a corporation. (438 F.2d at 380).
The rationale of the Court in the Polk case is not persuasive on us.
This Court recognizes a further distinction between criminal contempt cases such as the one before us where punishment is imposed retrospectively, and those where punishment is imposed prospectively. In the latter, the defendant has the power to avoid the imposition of any fine; and if he chooses to ignore the Court's directions and proceeds or pursues a prohibited course of action, then the imposition of a fine is by his own choosing. This is analogous to appellant's second contention, namely, that where a non-indigent defendant fails to pay a fine and is imprisoned therefor, if his term in prison should exceed six months, he is entitled to a jury trial. In this instance the defendant also has the power to prevent further punishment, and the fact that he chooses not to pay the fine should not inure to his benefit so as to entitle him to a jury trial.
The only relief sought by the defendant on this appeal is the remand of the case for resentencing. However Mississippi Code 1942 Annotated section 1152 (1957) governs the scope of review on appeals from convictions for contempt and provides in part as follows:
[A]nd on such appeal the question shall be whether the appellant was guilty of contempt; and the sentence or decree or order of the court below may be affirmed, reversed, annulled, or modified, according to the judgment of the appellate court.
Ordinarily sentencing is a matter for the trial court, but in view of the foregoing provisions of the statute, the decree in this case is modified, thus reducing the fine by $250. The conviction is therefore affirmed with punishment fixed at imprisonment in the county jail for five months and a fine of $500.
Affirmed as modified.
JONES, BRADY, INZER and ROBERTSON, JJ., concur.
NOTES
[1] 18 U.S.C. § 1 defines a petty offense as "[a]ny misdemeanor, the penalty for which does not exceed imprisonment for a period of six months or a fine of not more than $500, or both... ."