332 So.2d 415 (1976)
Lawyer C. CLARK, Sr.
v.
STATE of Mississippi.
No. 49150.
Supreme Court of Mississippi.
June 1, 1976.
Luckett, Barnwell, Luckett, Luckett & Thompson, Clarskdale, for appellant.
A.F. Summer, Atty. Gen. by Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before GILLESPIE, C.J., and WALKER and BROOM, JJ.
WALKER, Justice, for the court:
This is an appeal from the Circuit Court of Coahoma County, Mississippi, affirming a judgment of the county court finding the appellant, Lawyer C. Clark, Sr., guilty of disturbing the peace and resisting arrest and imposing upon him a sentence of ninety days in jail and a fine of $500.
On March 28, 1974, Lawyer C. Clark, Sr., was tried by the Police Justice Court of the City of Clarksdale of Coahoma County, Mississippi, on charges of disturbing the peace and resisting arrest. Upon conviction, he appealed to the County Court of Coahoma County, Mississippi. A timely request was made for a trial by jury pursuant to Mississippi Code Annotated section 9-9-33 (1972) which provides in part: "Either party to a suit or proceeding in the county court may demand a jury ...; in criminal cases if a jury is desired *416 by either party the demand shall be made at the time the defendant is arraigned." Appellant's timely demand for a jury trial was overruled. The causes were consolidated by agreement for trial and the trial court, over appellant's objection, heard the case without a jury, found him guilty on both charges and sentenced him to ninety days in jail and to pay a fine of $500.
The lower court evidently based its decision not to accord the appellant a trial by jury on this Court's holding in Hinton v. State, 222 So.2d 690 (Miss. 1969) and McGowan v. State, 258 So.2d 801 (Miss. 1972) that "... where the confinement is not more than six months and the fine not more than $500, that the offense is a petty one and the accused is not entitled to a jury trial... ." However, that rule has only been applied in cases involving contempt of court and has not been extended to other criminal offenses.
In the case of Newton v. State, 211 Miss. 644, 52 So.2d 488 (1951), the defendant was tried and convicted in the County Court of Forrest County, Mississippi, on an affidavit charging him with the unlawful sale of intoxicating liquor and was sentenced to pay a fine of $500 and serve ninety days in jail. He argued on appeal that the county court erred in denying him a trial by jury. After finding that the defendant had not waived his right to a trial by jury, the Court said in reversing the judgment of the lower court and quoting from City of Jackson v. Clark, 152 Miss. 731, 118 So. 350 (1928) that:
"The right of trial by jury is a cherished one, and the policy of the courts everywhere seems to be liberal in safeguarding this right against infringement. It was incorporated into our own Constitution of 1890, section 31 thereof providing: `The right of trial by jury shall remain inviolate.' See, also, 35 C.J. 147; 16 R.C.L. 198; Isom v. [Mississippi Central] R.R. Co., 36 Miss. 300.
"This constitutional provision must be interpreted to mean that it shall never be destroyed, annulled, nor so hampered or restricted by legislation as to make the provision a nullity. It does not mean that it shall be totally immune from all reasonable regulations. Any reasonable regulation, free from arbitrary and unreasonable provisions regarding the enjoyment of the right, will not be a denial or impairment thereof. 16 R.C.L. 196, and authorities cited... ." (211 Miss. at 648-649, 52 So.2d at 489).
We do not think that the language in Newton and City of Jackson, supra, forecloses the possibility that the Legislature may, at some future date, dispense with a trial by jury in cases involving petty offenses. This seems to be contemplated by Article 3, Section 27 of the Constitution of 1890 which provides in part: "... the legislature ... may authorize prosecutions before justices of the peace, or such other inferior court or courts as may be established, and the proceedings in such cases shall be regulated by law."
In Ex parte Wooten, 62 Miss. 174 (1884), this Court had occasion to interpret a similar provision in the Constitution of 1869 and Chief Justice Campbell, speaking for the Court, said:
Section 31, art. 1, of the constitution of this State empowers the legislature to authorize prosecutions before justices of the peace or other inferior courts of its creation in cases of misdemeanors of the character enumerated, viz.: petit larceny, assault and battery, and others mentioned for illustration, and to regulate the proceedings in such cases. So far from its being the constitutional right of one thus prosecuted before a justice of the peace or other inferior court to be tried by a jury, it may be seriously doubted whether the introduction of a jury by act of the legislature is not a marring of the constitutional scheme for the trial of petty offenses by a justice of the peace or other inferior court to be *417 created. There is no allusion to a jury in the section cited, and the language employed suggests a trial by the justice of the peace or other court, rather than by a jury in such court. (62 Miss. at 176). (Emphasis added).
cf. Telheard v. Bay St. Louis, 87 Miss. 580, 40 So. 326 (1906).
However, as the law now stands, section 9-9-33 accords to parties in county court, except contempt of court cases, a jury trial when timely demanded and not otherwise waived.
We are of the opinion that the county court erred in overruling appellant's motion for a jury trial and this cause is therefore reversed and remanded for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, BROOM and LEE, JJ., concur.