492 So.2d 575 (1986)
STATE of Mississippi
v.
Bobby CALDWELL.
Misc. No. 2152.
Supreme Court of Mississippi.
July 30, 1986.
*576 Edwin Lloyd Pittman, Atty. Gen., by Amy D. Whitten, Sp. Asst. Atty. Gen., Jackson, for appellant.
Robert B. McDuff, University, Kenneth J. Rose, Jackson, Dennis C. Sweet, Montgomery, Ala., for appellee.
En Banc.
PRATHER, Justice, for the Court:
The issue involved in this request for a remedial writ is whether the defendant's constitutional right to have his criminal trial conducted in the "county where the offense was committed," which was waived during his first trial, may be reinstated after appellate reversal.

I.
In 1981, Bobby Caldwell was indicted for capital murder in Panola County. Fearing prejudicial publicity at the time of the crime, Caldwell was successful in having his venue changed to DeSoto County. The resulting trial in DeSoto County resulted in a conviction and the imposition of the death penalty. The appeal to this Court affirmed the death sentence by the vote of an evenly divided court. See, Caldwell v. State, 443 So.2d 806 (Miss. 1983).
The United States Supreme Court reversed the death sentence because of prosecutorial misconduct in the closing argument of the sentencing phase and the case was remanded for further proceedings. Caldwell v. Mississippi, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985).
Upon the scheduling of a new sentencing hearing, set for July 14, 1986 in the Circuit Court of DeSoto County, Caldwell moved for his retrial to be held in Panola County, where the crime occurred.
The Circuit Court of DeSoto County denied Caldwell's venue motion, holding that Caldwell had waived his right to be tried in the county of the origin of the crime when he had the original venue changed to DeSoto County. Because the guilt/innocence phase was conducted in DeSoto County, the circuit court found the penalty phase should also be conducted in DeSoto County.

II.
The procedural posture of this petition is the threshold question in this case. Miss. Code Ann. § 9-1-19 (1972) provides, "The judges of the supreme and circuit courts and chancellors ... may severally order the issuance of writs of habeas corpus, mandamus, certiorari, supersedeas and attachments, and grant injunctions and all other remedial writs, in all cases where the same may properly be granted according to right and justice. ..." (Emphasis added).
The State of Mississippi asserts that a remedial writ under Mississippi Supreme Court Rule 32 is not the proper remedy and that at this stage of the proceedings the request is tantamount to an interlocutory appeal and should not be allowed.
This Court has previously held that remedial writs such as prohibition, mandamus, or injunction should be granted only in cases of extreme necessity to prevent erroneous actions by trial courts and when the erroneous actions cannot be remedied on appeal. Harden v. State, 460 So.2d 1194 (Miss. 1984); State v. Maples, 402 So.2d 350 (1981).
However, this Court's recent cases have permitted interlocutory appeals from circuit court in the exercise of its inherent power to procedurally control its business. See e.g., Kilgore v. Barnes, 490 So.2d 894 (Miss. 1986); Southern Farm Bureau Casualty Ins. Co. v. Holland, 469 So.2d 55 (Miss. 1984). See also, Newell v. State, 308 So.2d 71 (Miss. 1975) (Inherent power of the Supreme Court to promulgate procedural rules emanates from the constitutional concept of separation of powers and the vesting of judicial powers in the courts.) This Court has also granted remedial writs in cases where constitutional rights of individuals have been subjected to violation by the *577 actions of the State prior to trial. In Re Brown, 478 So.2d 1033 (Miss. 1985).
For the foregoing reasons and because this Court concludes that the procedural availability of this remedial writ in the present case is proper to promote judicial efficiency and economy, we address the merits of the claim.

III.
Article 3, section 26 of the Mississippi Constitution entitles an accused in a criminal case to a "public trial by an impartial jury of the county where the offense was committed." A similar right is secured by Amendments 6 and 14 to the Constitution of the United States, requiring a criminal defendant to be tried in the "district wherein the crime shall have been committed... ." The importance of that provision was addressed by the United States Supreme Court in United States v. Johnson, 323 U.S. 273, 65 S.Ct. 249, 89 L.Ed. 236 (1944), in which Justice Frankfurter wrote, "Questions of venue in criminal cases, therefore, are not merely matters of formal legal procedure. They raise deep issues of public policy in the light of which legislation must be construed." 323 U.S. at 276, 65 S.Ct. at 251, 89 L.Ed. at 239.
The requirement of proper venue has been taken "quite seriously" by this Court as well. Fairchild v. State, 459 So.2d 793, 799 (Miss. 1984). Since no decision has been found on this exact question in this jurisdiction, an examination of analogous constitutional rights is helpful.
Waiver of the right to a jury trial is not binding on a litigant when an appellate court reverses for a new trial. United States v. Lee, 539 F.2d 606 (6th Cir.1976). This Court, in Newton v. State, 211 Miss. 644, 52 So.2d 488 (1951), likewise held that an initial waiver of a jury trial was not binding when the defendant was retried after appellate reversal in a later term. Other similar constitutional rights include the right to counsel and the privilege against self-incrimination. If either of these rights were waived at an initial trial that was later reversed, on appellate review, on retrial their slate of constitutional rights is wiped clean, thus allowing invocation of the rights. Because the constitutional right asserted here, the right to have a trial in the county where the crime occurred, is on equal footing with the aforementioned rights, Caldwell's motion should be granted.

IV.
Because of a six year time lapse between the date of the killing and Caldwell's upcoming retrial, Caldwell believes the adverse publicity surrounding his original trial has subsided. The particular circumstances surrounding this case require the Court to grant his motion.
However, the rationale employed today would not apply to a sentencing phase conducted immediately after a conviction and before appellate review and today's decision is not intended to create a vehicle for that result. We simply find that under the particular facts of this case, Caldwell should be allowed to reassert his constitutional right.
In our order of July 10, 1986 the Court directed the Circuit Judge of DeSoto County to transfer the retrial to the Circuit Court of Panola County, the county in which the crime occurred. This opinion articulates the basis and contours of that decision.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
HAWKINS, P.J., not participating.