EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ GABRIEL HERNÁNDEZ RODRÍGUEZ, acusado y apelante.

*Número:* CR-63-104      *Resuelto:* 16 de enero de 1964

---

([3]) *Thompson, op. cit.,* sec. 2517, pág. 132.

*William Fred Santiago*, abogado del apelante; *J. B. Fernández Badillo, Procurador General*, y *Nilita Vientós Gastón, Procurador General Auxiliar*, abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: El apelante fue convicto por un jurado y sentenciado en 7 de julio de 1960 a cumplir de 5 a 10 años de presidio. En este recurso alega que la sentencia es nula porque el juez en las instrucciones al jurado "leyó a éste la confesión jurada dada por el acusado y luego la misma la pasó al jurado para que la llevare consigo al momento de deliberar". En apoyo de su súplica para que se le absuelva o se ordene la celebración de un nuevo juicio, se limita a citar los casos de *Pueblo* v. *Ramos Cruz*, 84 D.P.R. 563 (1962); *Pueblo* v. *Cruz Jiménez*, 87 D.P.R. 133 (1963) y el Art. 274 del Código de Enjuiciamiento Criminal (34 L.P.R.A. sec. 783), y las Reglas 2 y 140 de las de Procedimiento Criminal.

Tanto en los dos casos citados como en el de *Pueblo* v. *Couret Martínez*, 89 D.P.R. 57 (1963), hemos dicho que constituye error permitir que pase al jurado el documento que contiene la confesión escrita hecha por el acusado. Este error puede dar lugar a la revocación de la sentencia apelada

si resultare perjudicial al acusado. Para evitar este riesgo debe darse cumplimiento a las disposiciones procesales arriba citadas.

■ El error cometido en este caso no conlleva la revocación automática de la sentencia. Nada hay en el récord indicativo de que los derechos fundamentales del apelante fueran lesionados ni de que efectivamente el error cometido perjudicara esos derechos.

■ La prueba de cargo, en cuanto al apelante, fue sencilla y breve. Consistió en los testimonios del dueño del establecimiento escalado, del Fiscal y en la confesión escrita del acusado. El testimonio del dueño del establecimiento estableció el *corpus delicti* y el del Fiscal se limitó a establecer el carácter voluntario de la confesión del acusado, la cual fue admitida en evidencia sin su oposición. Por su parte el apelante no presentó teoría de defensa ni prueba alguna en su favor. El caso pues, se sometió al jurado con la prueba de cargo solamente.

Ni el apelante ha hecho un esfuerzo para demostrar que le fue perjudicial el error cometido ni nosotros hemos podido llegar a tal conclusión.

*Se confirmará la sentencia apelada.*