EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PABLO RODRÍGUEZ MARTÍNEZ, acusado y apelante.

*Número:* CR-68-233        *Resuelto:* 20 de noviembre de 1969

*Julio García Antique,* abogado del apelante; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Adolfo Negrón Cruz, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El fiscal formuló acusación contra el apelante por infracción al Art. 328 del Código Penal (33 L.P.R.A. sec. 1364) consistente en que el día 8 de octubre de 1967 mientras conducía un vehículo de motor, marca Volkswagen, *station wagon,* por la Avenida Barbosa de Hato Rey, que es una vía pública "lo hizo con tal descuido, negligencia crasa e imprudencia temeraria, que chocó el antes mencionado vehículo contra el vehículo de motor marca Nyzan Jeep modelo 1964, tablillas 724-756 y como consecuencia de dicho impacto el ser humano Héctor Rivera Maldonado, quien viajaba en el vehículo Volkswagen, *station wagon,* tablillas 777-134, recibió golpes de tal naturaleza graves que le ocasionaron la muerte."

Un jurado le declaró culpable de dicho delito y el tribunal le impuso una sentencia suspendida de 2 a 4 años de presidio y la suspensión de la licencia por el término de 4 años.

En los dos primeros errores el apelante ataca tanto la apreciación de la prueba como su suficiencia.

El conflicto en la prueba fue dirimido por el jurado en contra del apelante y el estudio que hemos hecho de la transcripción de la evidencia no nos convence de que debemos

intervenir con la apreciación que de la misma hizo el jurado. Por otro lado, no creemos que aquella creída por el jurado sea insuficiente para sostener más allá de duda razonable la convicción del apelante.

Convenimos con el siguiente argumento del Procurador General:

"No es correcta la contención del acusado-apelante. Como puede determinarse de la prueba desfilada éste temerariamente corrió el riesgo de virar hacia la izquierda en una intersección en franca violación a la Sección 5-401 (5) de la Ley de Tránsito (9 L.P.R.A. Sección 921 (5)). El acusado-apelante pretende ampararse en el inciso (6) de la referida sección al aducir prueba de que ya él estaba cruzando la intersección cuando el 'jeep' lo impactó. Si bien se presentó prueba en uno u otro sentido, el resultado de la colisión nos ofrece luz de cómo ocurrió el accidente. Las posiciones en que quedaron ambos vehículos en relación con la intersección, el 'jeep' yendo a dar contra una ferretería ubicada frente a la avenida en dirección a Santurce y la guagua en el extremo opuesto hacia Río Piedras, el 'jeep' recibiendo el impacto en su lado izquierdo y frontal y la guagua en su lado derecho, todas estas circunstancias mueven a la conclusión de que el choque ocurrió en el mismo centro de la intersección cuando el 'jeep' estaba ya cruzando la luz y la guagua se metió de improviso. El impacto de la guagua puede medirse en términos del efecto producido al 'jeep', el cual fue arrastrado o lanzado contra una ferretería ubicada en la esquina de la Calle Avila, la cual es la prolongación de la Calle Guayama.

De haber ocurrido la colisión mientras la guagua estaba saliendo de la intersección, el 'jeep' hubiese arrastrado la guagua hacia la calle Avila donde está la ferretería y no a la inversa como en realidad ocurrió.

En el señalamiento del segundo error el acusado-apelante le atribuye la causa del accidente a la velocidad excesiva y falta de cuidado y circunspección de la persona que conducía el 'jeep'. Sobre este particular, hay prueba en el récord del testimonio de Bartolo Cabanillas. (T.E., pág. 53 y siguientes) Este declara haber visto dos automóviles refiriéndose al 'jeep' que conducía Ramos Garay y al otro vehículo que venía detrás de él, con-

ducido por Pedro José Daumont—que venían a gran velocidad . . . a bastante velocidad . . . mucho más de treinta millas . . . pudiera que a cincuenta millas. (T.E., pág. 56) Pedro José Daumont declaró que iba a una velocidad de treinta a treinta y tres millas. (T.E., pág. 30) Cuando ocurrió el accidente él se detuvo y se desvió por el carril de la izquierda a una velocidad de dos millas. Como puede verse, de haber ido Daumont a la gran velocidad que le atribuye el señor Cabanillas no hubiese podido detener su automóvil y pasar por la izquierda del sitio del accidente en la forma lenta en que lo hizo. La versión, pues, de que ambos vehículos iban a gran velocidad no es digna de crédito. Aun cuando Ramos Garay hubiese ido a bastante velocidad la irrupción inesperada del acusado-apelante en la intersección donde ocurrió el accidente sin tener derecho a ello y sin que se hubiese percatado de antemano Ramos Garay desvanece la inferencia de culpabilidad que el acusado-apelante pretende atribuirle." (Informe Procurador General, págs. 5 a 7.)

El propio acusado admitió en su testimonio oral que había tomado el carril izquierdo pero que para no estorbar hay que dejar el carril y entrar en la intersección poco a poco; que vio el otro vehículo como a cuarenta pies pero como ya había ocupado el otro carril; que "uno tiene que decidirse y como estoy en el medio, él tiene que dejarme un carril a mí o reducir para yo seguir para allá."

El apelante sostiene que no incurrió en negligencia crasa e imprudencia temeraria sino que cometió un error de cálculo al tratar de cruzar la intersección.

El jurado entendió, correctamente a nuestro juicio, que el accidente se debió a la negligencia crasa e imprudencia temeraria del apelante.

■ El apelante sostiene además que el jurado se dejó influenciar indebidamente por las inferencias y conclusiones sin base del policía Francisco Chinea. Es inmeritorio este apuntamiento. El referido policía fue utilizado por el propio acusado como testigo de defensa y su testimonio fue admitido sin objeción.

■ En el tercer error el apelante se queja de que el tribunal sentenciador permitiera al fiscal impugnar a un testigo renunciado por éste sin tener base legal para ello y al no instruir debidamente al jurado sobre este particular.

El fiscal podía impugnar el testigo renunciado por él y utilizado como testigo de defensa si entre su testimonio en corte y la declaración jurada que había prestado anteriormente ante el fiscal, existía alguna contradicción como aparentemente existió en cuanto a quién había impactado al vehículo Volkswagen. Además fue el propio acusado quien presentó como evidencia la declaración jurada.

■ Aunque el juez hubiera dicho al jurado en sus instrucciones que iban a resolver si esa declaración dejó rehabilitado al testigo, por llegar al convencimiento de que no fue un testimonio fabricado recientemente, de ser ello un error, no ha causado perjuicio al apelante. El juez hizo claro al jurado que ellos no iban a resolver por lo que dijera la declaración jurada, que esa declaración no era prueba en el caso. "El contenido de la declaración no es prueba. La prueba que hay es la que ha desfilado ante ustedes por la silla testifical, pero ustedes considerarán esta declaración y su contenido, para resolver cuanto crédito les puede haber merecido el testimonio vertido por el testigo Eduardo Francisco Maisonet en la silla de los testigos." Mas adelante les dijo también el juez: "Lo que ustedes van a considerar como prueba en el caso es la prueba desfilada aquí ante ustedes. Pero van a escuchar esta declaración y la van a comparar con la declaración dada por el testigo aquí y van a resolver, en primer término, si el fiscal lo impugnó y después cuanto crédito les mereció ese testimonio."

■ Tampoco se cometió el cuarto error. Actuó correctamente el tribunal de instancia al instruir que correspondía al jurado determinar en qué dirección discurría el vehículo conducido por el acusado cuando se produjo la coli-

sión. La prueba de ambas partes así lo justificaba. Hubo prueba de cargo al efecto de que el vehículo Volkswagen irrumpió inesperadamente en la intersección sin que se supiera de donde había salido. Las citas que hizo el juez de las distintas disposiciones de la Ley de Vehículos y Tránsito, por ser aplicables, tampoco constituyen error.

*Se confirmará la sentencia apelada.*

El Juez Presidente Señor Negrón Fernández, no intervino.