EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MARCIAL ROBLEDO TORRES, acusado y apelante.

*Número:* CR-73-32      *Resuelto:* 26 de octubre de 1973

*Santos P. Amadeo,* abogado del apelante; *Peter Ortiz, Procurador General Interino,* y *Federico Rodríguez Gelpí, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue acusado de varios delitos, entre ellos un delito grave.

El acto de la lectura de la acusación contra el apelante se celebró el 30 de diciembre de 1969. La vista del caso se señaló para el 5 de febrero de 1970 ante el Juez Hon. Gui-

llermo A. Gil. Compareció asistido de su abogado Lcdo. Julio C. Rivera. Llamado el caso, renuncia a que el juicio se vea ante jurado. No se impugna la validez de esta renuncia. El abogado pide la posposición de la celebración del juicio. La corte accede. El juicio se celebró el 3 de agosto siguiente. El acusado estuvo representado por el mismo abogado, pero la sala estuvo presidida por un magistrado distinto al que la presidió cuando renunció al juicio por jurado, el Hon. Modesto Velázquez Flores. En esta ocasión el juez manifestó: "Ya en este caso se ha renunciado al Jurado?" El Lcdo. Rivera expresó: "Se había hecho ya expresamente en corte abierta." El juez antes de comenzar el desfile de la prueba manifestó: "Se dice una vez más, que para los felony había renunciado expresamente al Jurado y lo ratifica ahora esa renuncia." El Lcdo. Rivera estuvo conforme.

En apelación se apunta que la renuncia a que el juicio se celebrase ante jurado no fue válida.

De la transcripción de evidencia surge que el apelante renunció válidamente a que el caso se viera ante jurado el 5 de febrero de 1970. Sobre esto no hay controversia. Antes de comenzar el desfile de la prueba, luego de la renuncia al jurado solicitó la suspensión. Señalado de nuevo, luego de varias suspensiones, al comenzar el juicio, se aclara por su abogado, el Lcdo. Julio C. Rivera, el conocedor del procedimiento y de los derechos de su cliente, que éste había renunciado al jurado. Habiéndose sometido el acusado a juicio bajo la eficacia de su anterior renuncia del derecho a juicio por jurado, sin solicitar la restitución del derecho renunciado, y en ausencia de actuaciones por el tribunal que en modo alguno enervaran o anularan dicha renuncia previa, asistido como estuvo el apelante en todo momento por defensor idóneo, no era necesario repetir las formalidades y exigencias anejas a la renuncia al jurado.

*Se confirmará la sentencia que dictó el Tribunal Superior, Sala de San Juan, en 5 de octubre de 1970.*