EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PABLO SALAMÁN SEBASTIÁN, acusado y apelante.

*Número*: CR-72-91     *Resuelto*: 29 de enero de 1974

904

Carlos R. Noriega, abogado del apelante; *Myriam Naveira de Rodón, Procuradora General,* y *Carmen Celinda Ríos, Procuradora General Auxiliar,* abogadas de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

(En Reconsideración)

El apelante renunció con todas las formalidades de ley su derecho a juicio por jurado el 25 de junio de 1969. Aceptada la renuncia, el juicio fue pospuesto y no se comenzó hasta el 28 de enero de 1970 (7 meses más tarde) ante otro juez de la Sala de San Juan del Tribunal Superior. Llamado a juicio el acusado hizo alegación de inocencia, su abogado pidió juicio por jurado (T.E. II, 10) y el juez ordenó que se insaculara un jurado. Se llamaron 12 personas y la

defensa inició el *voir dire* examinando a 5 de los jurados. En ese momento el juez nota en el expediente que el acusado había renunciado al jurado y llama la atención al abogado defensor quien expresa que es correcta la aseveración del juez. El acusado permaneció silencioso durante todo el incidente; no se le hace pregunta ni advertencia alguna sobre lo que está ocurriendo. El caso continúa viéndose por tribunal de derecho. Entendemos que la actuación del tribunal adentrándose en la celebración de un juicio por jurado al extremo de llamar 12 personas e iniciar el examen de cualificación, equivale a una restitución del derecho renunciado por el apelante anteriormente. Se ha resuelto que se mantendrá la renuncia sólo cuando la restitución del derecho a juicio por jurado interfiera con la ordenada administración de los asuntos del tribunal, resulte en demoras innecesarias, inconvenientes a los testigos o perjuicios a la otra parte, circunstancias no presentes en este caso. *People* v. *Melton*, 271 P.2d 962; *Floyd* v. *State*, 90 So.2d 105.

En el presente caso transcurrieron 7 meses entre la renuncia del derecho y el comienzo del juicio, y en algunas jurisdicciones no se descarta el tiempo como factor determinante de un cambio de táctica de la defensa para enfrentarse a circunstancias distintas a las que rodean su anterior renuncia. *Newton* v. *State*, 52 So.2d 488. No es necesario, sin embargo, resolver ahora en cuanto al efecto decadente si alguno del transcurso del tiempo sobre la renuncia al juicio por jurado.

■ Consideramos que la sala de instancia al iniciar el juicio llamando un jurado y adelantando la insaculación del mismo enervó y restó eficacia legal a la renuncia hecha por el apelante y representó a éste con suficiente relieve que tendría un juicio por jurado como lo había solicitado su abogado. Los hechos relatados colocan este caso dentro de la excepción reconocida por este Tribunal en *Pueblo* v. *Robledo Torres*, 101 D.P.R. 753 (1973), al expresar: ". . . Habiéndose

sometido el acusado a juicio bajo la eficacia de su anterior renuncia del derecho a juicio por jurado, sin solicitar la restitución del derecho renunciado, y *en ausencia de actuaciones por el Tribunal que en modo alguno enervaran o anularan dicha renuncia previa*, asistido como estuvo el apelante en todo momento por defensor idóneo, no era necesario repetir las formalidades y exigencias anejas a la renuncia al jurado." (Énfasis suplido.)

Debió, por tanto, darse cumplimiento a la Regla 111 de Procedimiento Criminal y a nuestra constante jurisprudencia cerciorándose el Tribunal de que el acusado renunciaba en forma libre, espontánea e inteligente al juicio por jurado. No habiéndose tomado su consentimiento válido para retirar el jurado preliminarmente constituido, el fallo apelado no puede prevalecer.

*Se revocarán las sentencias apeladas y se ordenará la celebración de un nuevo juicio.*

El Juez Asociado Señor Rigau disintió con opinión con la cual concurren los Jueces Asociados Señores Torres Rigual y Martín. El Juez Asociado Señor Dávila emitió voto particular con el cual concurren el Juez Presidente Señor Pérez Pimentel y los Jueces Asociados Señores Cadilla Ginorio, Díaz Cruz e Irizarry Yunqué.

—O—

.Opinión disidente del Juez Asociado Señor Rigau con la cual concurren los Jueces Asociados Señores Torres Rigual y Martín

San Juan, Puerto Rico, a 29 de enero de 1974

Con todo el respeto debido a los criterios distintos al mío, muy a mi pesar, disiento de la opinión mayoritaria.

Se trata de un caso de posesión, transportación y venta ilegal de heroína. Se revocan las sentencias recaídas en este caso por la razón de que se le violó al acusado su derecho cons-

titucional a juicio por jurado. Expresa la opinión mayoritaria que debió darse cumplimiento a la Regla 111 de Procedimiento Criminal y a nuestra jurisprudencia cerciorándose el tribunal de instancia de que el acusado renunciaba en forma libre, espontánea e inteligente al juicio por jurado.

No creo que en el caso de autos se violó ningún derecho constitucional del acusado. Voy a tratar de demostrarlo. Por el contrario, también trataré de demostrar que fue el acusado él que abusó de su derecho a ser tratado con ecuanimidad por el tribunal de instancia. Para ello es necesario que examinemos el caso con algún detenimiento y con precisión. Del examen que hagamos del mismo creo que surgirá que no se le violó al acusado su derecho constitucional a juicio por jurado, sino que él lo renunció en forma explícita, inteligente y clara.

En el acto de la lectura de la acusación, celebrado el 14 de febrero de 1969, se señaló la vista del caso para el *23 de abril de 1969*. Llamado el caso ese día, el abogado defensor, a pesar de haber tenido más de dos meses de aviso, no compareció por estar ocupado en otro foro. A través de otro abogado solicitó la suspensión de la vista. El tribunal accedió a la solicitud de posposición y señaló la vista para el 25 de junio del mismo año.

Llegado dicho 25 de junio se llamó el caso para la vista. Compareció el acusado personalmente y representado por abogado. Al comienzo de la vista, cuando el magistrado que presidía el juicio preguntó si el letrado allí presente representaba al acusado, la defensa se expresó como sigue:

"DEFENSA: Sí, V.H., nosotros en este acto vamos a, en primer lugar, a renunciar específicamente al derecho que tiene el acusado a que se le celebre un caso por jurado. Le hemos explicado, y él ha entendido, lo que es un juicio por jurado. Le hemos explicado el alcance de esa renuncia y el acusado ha entendido ambas cosas y se ratifica en su deseo de renunciar al jurado y que el caso lo vea el Magistrado que preside este Hon. Tribunal."— T.E. I, 1–2.

Sobre este aspecto el juez intervino en la siguiente forma:

"HON. JUEZ: Primero vamos a oir al acusado. Pablo Salamán Sebastián, a usted se le imputan infracciones a la Ley de Drogas y Narcóticos. Su abogado nos ha dicho, compañero Noriega, que usted desea renunciar al derecho que tiene a que este juicio sea celebrado ante un jurado.

ACUSADO: Sí, señor.

HON. JUEZ: ¿Usted oyó a su abogado decir eso?

ACUSADO: (El acusado hace un movimiento afirmativo con la cabeza.)

HON. JUEZ: Yo lo veo que mueve la cabeza afirmativamente, pero yo quiero oírle.

ACUSADO: Sí, señor.

HON. JUEZ: ¿Sabe lo que es un jurado?

ACUSADO: Sí, señor.

HON. JUEZ: ¿Desea usted renunciar al juicio por jurado?

ACUSADO: Sí, señor.

HON. JUEZ: Para que este Tribunal esté consciente de que usted sabe lo que es un jurado, estar seguro que usted lo sabe, el Tribunal, le dice a usted que un jurado lo componen doce ciudadanos, doce ciudadanos que son escogidos de un grupo de ciudadanos que son citados al Tribunal para que actúen en la capacidad de jurados y que en la formación de este jurado intervienen su abogado y el Fiscal. Que una vez que se constituye el jurado formado por doce ciudadanos, el Fiscal ofrece la prueba que tenga en apoyo de la acusación, que usted ofrece la prueba que usted tenga, si alguna tiene, porque usted no viene obligado a ofrecer prueba. Que el jurado es instruído por mí en cuanto al derecho aplicable al caso y que luego es el jurado el que resuelve si usted es inocente o si usted es culpable de estos hechos. Le digo que el jurado resuelve los casos a base de mayoría de votos. Que de los doce jurados nueve tienen que ponerse de acuerdo en cuanto a si usted es inocente o culpable. Si usted renuncia al jurado, lo que ocurre es que el jurado no interviene en el proceso y solamente yo, o el Juez que presida esta sala en el momento en que se celebre el proceso, oye la prueba él solo y con su solo voto resuelve si usted es inocente o si usted es culpable. Le advierto que el derecho a juicio por jurado es un derecho que usted tiene y que nadie más puede renunciarlo a su nombre, sino

que usted solamente es el que está autorizado a renunciarlo, si desea renunciarlo. Primero le pregunto si usted sabe ahora la función del jurado en este caso.

ACUSADO: (Hace un movimiento afirmativo con la cabeza.)

HON. JUEZ: Dice que sí con la cabeza, pero yo quiero oírlo.

ACUSADO: Sí, señor.

HON. JUEZ: ¿Desea usted renunciar a ese derecho?

ACUSADO: Sí, señor.

HON. JUEZ: ¿Quiere que sea yo sólo el que oiga la prueba y resuelva si usted es inocente o culpable?

ACUSADO: Sí, señor.

HON. JUEZ: ¿Qué edad usted tiene?

ACUSADO: Veinte años.

HON. JUEZ: ¿Ha estado en la escuela?

ACUSADO: Sí.

HON. JUEZ: ¿Hasta qué grado?

ACUSADO: Hasta cuarto año.

HON. JUEZ: ¿De escuela superior?

ACUSADO: Sí, señor.

HON. JUEZ: ¿Usted ha hablado con su abogado, su abogado le explicó lo que era un jurado?

ACUSADO: Sí, señor.

HON. JUEZ: Compañero Noriega, le explicó el compañero Noriega a este acusado el alcance, beneficio o no beneficio que pueda tener él al renunciar al jurado y ver este caso por Tribunal de Derecho?

DEFENSA: Ampliamente, V.H.

HON. JUEZ: El Tribunal admite la renuncia que hace este acusado de su derecho a ser juzgado por un jurado, veremos este caso por Tribunal de Derecho."—T.E. I, 2–6.

También al comienzo de la vista, la defensa informa al tribunal que no está preparada para ver el caso. Esto ocurre el 25 de junio de 1969, fecha del *segundo señalamiento* para la vista en los méritos. Dicho día 25 de junio la defensa solicitó que el caso se pospusiese otra vez. El tribunal le pregunta si estaría disponible para el 29 de septiembre. La

defensa contesta que tiene esa fecha disponible, pero que a él le sería "más cómodo" un lunes de octubre. El tribunal accede y señala por tercera vez el caso para el 6 de octubre.

El 6 de octubre se llama el caso y la defensa nuevamente dice que no está preparada. A su solicitud se vuelve a señalar por cuarta vez para el 3 de diciembre de 1969. Llega dicho día 3 de diciembre y la defensa otra vez dice no estar lista para entrar a la vista del caso. Se señala el caso por *quinta vez* para el 28 de enero de 1970.

Se llama el caso el 28 de enero de 1970 y la defensa todavía pretende una nueva posposición. Aparentemente colmada la paciencia del tribunal, éste expresa que los hechos del caso ocurrieron el 5 de agosto de 1968; que el caso se ha suspendido varias veces y decide ver el caso.

En ese momento, el juez, sin estar consciente de que el acusado había renunciado al juicio por jurado, pregunta si el juicio va a celebrarse por jurado o por tribunal de derecho y la defensa dice que por jurado. Así inducido por la defensa, el juez ordena llamar a los jurados para constituir el panel. Mientras se llevan a cabo los trámites de insacular al jurado el juez, al examinar el expediente se da cuenta de que el acusado había renunciado al jurado en forma expresa en la vista del 25 de junio antes mencionada. El juez así lo hace saber y la defensa dice que eso es cierto, que lo había olvidado por el tiempo transcurrido y que *"nos sometemos a la discreción del Tribunal."* (Énfasis nuestro.)—T.E. II, 15. *Vuelve el juez a preguntar* si el caso se va a ver por jurado o no y la defensa se ratifica en la decisión anterior de que sea por tribunal de derecho y añade "Nosotros no vamos a echar para atrás nuestra palabra ni sería esa nuestra intención."—T.E. II, 15.

Insiste el juez, aunque ya era innecesario, y tiene lugar el siguiente intercambio:

"HON. JUEZ: No es que el Tribunal presione al Compañero, es un derecho que tiene, un derecho constitucional que tiene el

acusado. Quise recordarle al Compañero que después de leer las minutas del Tribunal, el Juez había interrogado al acusado sobre eso.

DEFENSA: Yo quiero disculparme del Tribunal por ese olvido. Nosotros no vamos a decir que eso no es así; al contrario, *nos ratificamos en eso y nos sometimos por Tribunal de Derecho.*" (Énfasis nuestro.)—T.E. II, 15–16.

Luego de eso el tribunal expresa que habiéndo renunciado al derecho de juicio por jurado el tribunal excusa a los señores llamados para constituir jurado. Comienza a verse el juicio y al final del día el tribunal anuncia que el juicio se continuará el 4 de febrero a las dos de la tarde.

Continúa el proceso en dicha fecha y luego de practicarse más prueba el tribunal anuncia que va a recesar y que el caso se continuará el viernes próximo. La defensa informa que no puede por estar ocupada ese día. El tribunal lo señala para el lunes que le sigue pero la defensa anuncia que tampoco podrá por estar ocupada. Finalmente la defensa propone que el juicio se siga el día 13 de ese mes de febrero por la tarde. El tribunal accede a los deseos de la defensa. A pesar de haber sido la propia defensa la que fijó la fecha para la continuación del caso, el 11 de febrero solicitó otra posposición y propuso el lunes 16 a las dos de la tarde. El tribunal volvió a acceder a los deseos de la defensa.

De lo anteriormente reseñado puede verse que lejos de violarse ningún derecho constitucional del acusado, el tribunal fue complaciente en exceso. Digo en exceso porque a la tercera solicitud de posposición debió haber nombrado un abogado defensor y ver el caso. Ciertamente, excepto por extrema fuerza mayor, un caso no debe llegar a un quinto señalamiento.[1] No hay ningún problema constitucional en cuanto a la renuncia del acusado del derecho a juicio por jurado. Su

---

[1] Para una protesta del Juez Presidente de los Estados Unidos sobre la indebida prolongación de los casos de derecho penal y sobre las repetidas vistas y juicios excesivos en dichos casos, véase Burger, *"Crime and Criminal Law Today,"* 28 Rev. C. Abo. P.R. 157, 162 (1967).

renuncia a dicho derecho fue explícita e inteligente. La explicación que le dio el Juez fue completamente satisfactoria.

Con motivo del largo tiempo transcurrido, debido a las posposiciones solicitadas y conseguidas por la defensa, cuando se iba a comenzar el juicio en sus méritos ni la defensa ni el juez estaban conscientes de que el acusado había renunciado al jurado. Pronto surgió, como hemos reseñado, dicha situación y como también hemos demostrado, el juez volvió a preguntar si el juicio sería por jurado o por tribunal de derecho. La defensa anunció que se sometía a la discreción del tribunal y más tarde, ya en forma expresa, dijo claramente que se sometía a juicio por tribunal de derecho. El acusado estaba presente. No se trata de un analfabeta sino de una persona que ha cursado hasta cuarto año de Escuela Superior. No cabe la menor duda de que él sabía diferencia entre un juicio por tribunal de derecho y un juicio por jurado. El no manifestó en ningún momento que deseaba retirar su renuncia al jurado y, asistido por su representación legal, consintió al juicio por tribunal de derecho tal como lo había solicitado. El mero hecho de que momentáneamente ni la defensa ni el juez se acordasen de que el acusado había renunciado al jurado no requiere que el acusado haga personalmente una segunda renuncia. La Regla 111 no requiere dos renuncias por parte del acusado. Una, si es inteligentemente hecha, es suficiente. Su renuncia fue válida y el proceso celebrado también lo fue. Nadie tiene un interés creado en los errores no perjudiciales de un juez. (²)

Como se sabe, el verdadero entendimiento de la diferencia entre juicio por jurado o por tribunal de derecho lo hace el

---

(²)*Pueblo* v. *Rodríguez Martínez*, 98 D.P.R. 70 (1969); *Pueblo* v. *Colón Rivera*, 93 D.P.R. 852 (1966); *Pueblo* v. *Rodríguez Esmurria*, 90 D.P.R. 532 (1964); *Pueblo* v. *Martínez Díaz*, 90 D.P.R. 467 (1964); *Pueblo* v. *Martínez Rivera*, 90 D.P.R. 163 (1964); *Pueblo* v. *Castro Cruz*, 90 D.P.R. 206 (1964); *Pueblo* v. *Hernández Rodríguez*, 89 D.P.R. 770 (1964); *Pueblo* v. *Couret Martínez*, 89 D.P.R. 57 (1963) y *Pueblo* v. *Ramos Cruz*, 84 D.P.R. 563 (1962).

acusado, no en el momento del juicio, sino en la privacidad del despacho del abogado defensor cuando éste le explica a su cliente la diferencia entre ambos juicios, sus ventajas y desventajas *en su caso particular* y le proporciona todo el consejo necesario para que el acusado haga su elección. Como cuestión de realidad, es solamente como medida preventiva para remediar el caso improbable en que un abogado no supiese explicarle a su representado esa diferencia, que se exige que el acusado haga personalmente la renuncia del jurado y que se le haga la consiguiente explicación por el juez.

Salvo ese caso improbable ya dicho, cuando el acusado comparece al tribunal para la vista en su fondo ya ha sido ampliamente informado por la defensa sobre el particular y ya ha tomado la decisión de si va a renunciar al jurado o no. Aunque puedo presumir, y lo presumo, que en este caso el abogado informó muy competentemente al acusado sobre esos pormenores, si no lo hubiese así hecho la explicación del juez al comienzo del proceso habría curado esa omisión pues su explicación fue muy completa y satisfactoria.

Estoy convencido de que si el juez, en vez de continuar el proceso por tribunal de derecho, como lo había solicitado el acusado, hubiese continuado el juicio por jurado, de haber salido culpable el acusado hubiese venido ante este Tribunal argumentando que contra su voluntad diáfanamente expresada de preferir juicio por tribunal de derecho, se le había impuesto arbitraria e ilegalmente un juicio por jurado.

La posición del acusado ante nosotros presenta una táctica que no podemos aprobar. El proceso judicial es una etapa seria en la aplicación del derecho y en el mantenimiento de un sistema de ley que no admite tácticas de esa naturaleza. Admitirlas sería, en mi opinión, restarle seriedad y dignidad a los tribunales y al proceso judicial. Además creo que la opinión mayoritaria tiene que crear un sentido de desazón y desconcierto entre los jueces del tribunal de primera instancia por razón de encontrarse desvalidos y vulnerables ante tácti-

cas por parte de los acusados como la que aquí hemos reseñado.

Creo que el Tribunal, ante la presente moción de reconsideración debe dejar en pie su sentencia original en este caso, dictada en 8 de mayo de 1973. En dicha sentencia no admitimos "el supuesto derecho del acusado a renunciar por segunda vez al jurado" y confirmamos las sentencias apeladas.

Por entender que al acusado en este caso no se le violó derecho constitucional alguno, ni estatutario, sino que por el contrario se movió con una comodidad asombrosa durante el proceso, yo no revocaría las sentencias apeladas.

—O—

Voto particular del Juez Asociado Señor Dávila con el cual concurren el Juez Presidente Señor Pérez Pimentel y los Jueces Asociados Señores Cadilla Ginorio, Díaz Cruz e Irizarry Yunqué

San Juan, Puerto Rico, a 29 de enero de 1974

Concurro con la opinión del Tribunal, pero esto no obstante, comparto el criterio expresado en la opinión del Juez Asociado Señor Rigau al efecto de que "a la tercera solicitud de posposición [el tribunal de instancia] debió haber nombrado un abogado defensor y ver el caso." No debe sancionarse la práctica de conceder posposiciones de señalamientos indiscriminadamente. Tal práctica atenta contra una buena administración de la justicia y quebranta la confianza de la ciudadanía en los tribunales.