EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PABLO TORRES CRUZ, acusado y apelante.

*Número:* CR-76-125      *Resuelto:* 20 de abril de 1977

---

(¹)"El caso Favre Bulle." Véase Juan Bernardo Iturraspe, *Función social de la abogacía,* ed. Castelví (Argentina), 1967, pág. 74.

*Benigno Alicea Alicea,* abogado del apelante; *Roberto Armstrong, Jr., Procurador General Interino,* y *Miguel A. Santana Bagur, Procurador General Auxiliar,* abogados de El Pueblo.

E<small>L</small> J<small>UEZ</small> P<small>RESIDENTE</small> S<small>EÑOR</small> T<small>RÍAS</small> M<small>ONGE</small> emitió la opinión del Tribunal.

En 1970 se acusó al apelante de asesinato en primer grado y violación a los Arts. 6 y 8 de la Ley de Armas. Tras diversas posposiciones se señaló la vista para el 14 de marzo de 1972. En dicha fecha el acusado renunció a su derecho a juicio por jurado. Poco después el Ministerio Público solicitó la enmienda de la acusación para que en vez de decir "haciéndole un disparo de carácter grave que le ocasionó la muerte", leyese "haciéndole disparos de carácter grave que le ocasionaron la muerte." La defensa objetó la enmienda, "ya que nuestro caso tiende a probar que en ese lugar hubo una balacera donde la policía hizo seis disparos. . . ." (T.E. pág. 13.)

El tribunal admitió la enmienda, pero concluyó que ésta era de carácter sustancial y ordenó que se procediese de nuevo al acto de lectura de la acusación. (T.E. págs. 14–15.) El acusado hizo alegación de inocencia, señalando su abogado que la enmienda lo colocaba en aquel momento en "situación de indefensa." Se señaló entonces el caso para el 18 de julio de 1972. La representación legal del acusado expresó a continuación:

"Vamos a solicitar ahora, Vuestro Honor, se nos permita hacer solicitud de juicio por jurado en esa fecha."

El tribunal contestó:

"Así se dispone." (T.E. pág. 17.)

Tras varios incidentes, entre ellos un intento, eventual-

mente fallido, de que se desestimasen las acusaciones por motivo de exposición anterior,* se señaló el caso para el 9 de abril de 1973. Por haber renunciado su abogado para entonces se había asignado un miembro de la Sociedad de Asistencia Legal para representar al acusado. La nueva defensa solicitó en dicho día que el caso se ventilase ante un jurado. (T.E. pág. 6—transcripción del 9 y 10 de abril de 1973.) A preguntas del juez, Hon. Eugenio Ramos, el acusado expresó estar de acuerdo con dicha petición. El juez le señaló entonces:

"Yo le informo a usted, señor, que esa solicitud suya de juicio por jurado tiene que venir: primero: una renuncia de su parte a todos los planteamientos que hicieron sus abogados ante el Tribunal Supremo de que usted estaba expuesto. ¿Usted entiende eso?" (T.E. pág. 8.)

El acusado afirmó que lo entendía, pero que no estaba de acuerdo con tal renuncia. El juez ordenó a continuación que se juramentase al abogado y le preguntó si le había explicado al acusado que si interesaba juicio por jurado tenía que renunciar a su planteamiento sobre exposición anterior. El abogado contestó que a su entender el acusado no tendría que renunciar a un derecho constitucional para adquirir otro. (T.E. págs. 9–11.) El juez insistió en su posición y la defensa señaló que en tal caso, "obligado por las circunstancias, por la determinación de Vuestro Honor a escoger entre los derechos constitucionales", aconsejaría al acusado a optar por la celebración del juicio por jurado y la renuncia a cualquier planteamiento de doble exposición. (T.E. pág. 18.) El acusado expresó a renglón seguido que el juicio se viese ante jurado. (T.E. pág. 19.) El juez no resolvió la cuestión y pospuso el caso para el día siguiente, explicando que "Como quiera de yo darle juicio por jurado empezamos mañana", cabía la posposición. (T.E. pág. 21.)

---

(*) El Tribunal Superior denegó la moción y este Tribunal declaró sin lugar una petición de *certiorari* sobre el particular el 27 de marzo de 1973 (Caso Núm. O-73-108).

Al día siguiente, el 10 de abril de 1973, se llamó el caso y el juez anunció que el juicio se vería por tribunal de derecho. El abogado defensor solicitó la reconsideración de dicha orden, la que se denegó de plano, requiriéndose de inmediato el desfile de la prueba. Visto el caso, el tribunal halló culpable al acusado del delito de homicidio voluntario y de infracciones a los Arts. 6 y 8 de la Ley de Armas. Se le impusieron sentencias suspendidas. En el recurso ante nos, el único señalamiento de error es que se le denegó incorrectamente al apelante el derecho a juicio por jurado.

■ La cuestión es resolvible por diversas vías. La Regla 111 de Procedimiento Criminal dispone:

"Las cuestiones de hecho en casos de delito grave (*felony*) y, salvo lo dispuesto en leyes especiales, en casos de delito menos grave (*misdemeanor*), siempre que originalmente se presentare la acusación en el Tribunal Superior y fueren también de la jurisdicción del Tribunal de Distrito, habrán de ser juzgadas por el jurado a menos que el acusado renunciare expresa y personalmente el derecho a juicio por jurado. El tribunal podrá conceder el juicio por jurado en cualquier fecha posterior a la lectura de la acusación."

Esta regla se funda en el antiguo Art. 178 del Código de Enjuiciamiento Criminal de 1935, 34 L.P.R.A. sec. 462. Bajo dicho Art. 178 este Tribunal resolvió que podía, en el uso de su discreción, restituírsele a un acusado bajo determinadas condiciones su derecho a juicio por jurado aun luego de renunciarlo válidamente. Véase: *Pueblo* v. *Hernández*, 55 D.P.R. 954 (1940).

En *Pueblo* v. *Salamán Sebastián*, 101 D.P.R. 903 (1974), este Tribunal se enfrentó a la cuestión bajo la Regla 111. En dicho caso el tribunal de instancia olvidó que el acusado había renunciado válidamente su derecho a juicio por jurado y ordenó la insaculación del cuerpo. Después del examen de cinco jurados, el juez se percató, hojeando el expediente, del hecho de la renuncia. Dispuso entonces que el proceso continuase por tribunal de derecho. Planteado el problema en apelación

ante nos se revocaron las sentencias apeladas y se ordenó un nuevo juicio, expresando el Tribunal:

"Entendemos que la actuación del tribunal adentrándose en la celebración de un juicio por jurado al extremo de llamar 12 personas e iniciar el examen de cualificación, equivale a una restitución del derecho renunciado por el apelante anteriormente. Se ha resuelto que se mantendrá la renuncia sólo cuando la restitución del derecho a juicio por jurado interfiera con la ordenada administración de los asuntos del tribunal, resulte en demoras innecesarias, inconvenientes a los testigos o perjuicios a la otra parte, circunstancias no presentes en este caso . . . .

Consideramos que la sala de instancia al iniciar el juicio llamando un jurado y adelantando la insaculación del mismo enervó y restó eficacia legal a la renuncia hecha por el apelante y representó a éste con suficiente relieve que tendría un juicio por jurado como lo había solicitado su abogado. Los hechos relatados colocan este caso dentro de la excepción reconocida por este Tribunal en *Pueblo* v. *Robledo Torres,* 101 D.P.R. 753 (1973). . . ." 101 D.P.R. 904, 905 (1974).

Bajo la doctrina de *Salamán* ocurrió en el caso de autos, *a fortiori,* una restitución del derecho a juicio por jurado. El tribunal de instancia permitió una enmienda a la acusación que estimó sustancial y en consecuencia ordenó una nueva lectura de la acusación. Se borró la pizarra. El acusado tuvo que efectuar nuevas alegaciones. Tenía derecho a solicitar, como lo hizo, juicio por jurado. ¿Cómo justificar un nuevo comienzo para ciertos fines y para otros no, especialmente cuando el tribunal determinó a raíz de la enmienda posponer el juicio para meses después? Las palabras vertidas por el juez en la sesión en que se produce la enmienda, transcritas anteriormente, son lo suficientemente ambiguas, además, como para plantear la interrogante de si en efecto el tribunal estaba concediendo el derecho que luego se negó a reconocer, excepto bajo condiciones no aceptables al acusado.

██ Independientemente de *Salamán,* se reconoce también generalmente que la cuestión de si un acusado puede retirar una renuncia válida a juicio por jurado depende de la

discreción, adecuadamente fundada, del tribunal. Si la moción de retiro se formula prontamente, sin que cause trastornos a la administración de la justicia, tal solicitud se concede de ordinario. 3 Wharton, *Criminal Procedure*, 12th ed., 1975, págs. 216–217; *People* v. *Melton*, 271 P.2d 962 (Calif. 1954); *Stevenson* v. *State*, 324 N.E.2d 509 (Ind. App. 1975). En algunos estados, como en Minnesota y Ohio, se va más lejos y se provee por estatuto que el acusado tiene absoluto derecho a revocar su renuncia antes del comienzo del juicio. 3 Orfield, *Criminal Procedure under the Federal Rules*, 1966, pág. 68. Entre estas dos posiciones hemos favorecido la primera. *Pueblo* v. *Hernández*, 55 D.P.R. 954, 959–960 (1940). Esta es la posición apoyada por la Asociación Americana de Abogados. La norma 1.2 (c) de las recomendadas recientemente por dicha institución expresa:

"Un acusado no puede a su arbitrio retirar una renuncia válida [a su derecho a juicio por jurado], pero el tribunal podrá discrecionalmente permitir tal retiro antes del comienzo del juicio."

*ABA Standards Relating to the Administration of Criminal Justice*, 1974, pág. 323. En consonancia con la norma prevaleciente, un tribunal de última instancia tiene facultad para determinar si se ha ejercido razonablemente la discreción del juez de primera instancia al denegar el juicio por jurado después de una renuncia válida del mismo. *Floyd* v. *State*, 90 So.2d 105 (Fla. 1956); *State* v. *Pruett*, 515 P.2d 1051 (Kan. 1973).

En el caso de autos fue irrazonable la negativa del juez a restituirle al apelante su derecho al juicio por jurado, aun suponiendo que no se le hubiese restituido en la sesión de 14 de marzo de 1972 o en virtud de la doctrina de *Salamán*. El acusado expresó formalmente su interés en la celebración del juicio por jurado casi trece meses antes de su comienzo. No hay indicio alguno en el récord de que habría que dilatar el juicio por razón del requerimiento formulado entonces o el

9 de abril de 1973, ni de que se obstruiría de otro modo la justicia. *Staten* v. *State*, 283 A.2d 644 (Md. 1971). No hay señal tampoco, lo cual es otro criterio utilizado en ciertas jurisdicciones, de que el acusado formuló su petición de mala fe, con la intención de alargar los procedimientos. *State* v. *Jones*, 312 A.2d 281 (Md. 1973). La moción se interpuso cuando se permitió una enmienda a la acusación que el propio tribunal de instancia estimó sustancial. No es validable la actuación del tribunal. A la luz de los hechos específicos en este caso debió restituírsele al apelante su derecho al juicio por jurado.

■ Valga observar finalmente que la determinación de si la enmienda a la acusación ocurrida es en efecto sustancial no juega un papel decisivo en esta causa. Bajo la regla de *Salamán*, basta con que el juez de instancia así lo hubiese considerado y ordenase una nueva lectura de la acusación y, bajo la norma de la discreción, puede ocurrir una negativa irrazonable a permitir el retiro de una renuncia válida a juicio por jurado aun cuando haya mediado una enmienda insustancial a la acusación, siempre que la petición al efecto cumpla con los necesarios requisitos de prontitud, buena fe y ausencia de obstrucción a la justicia.

*En consideración a lo expuesto, se revocará la sentencia apelada y se concederá el derecho a un nuevo juicio.*

Los Jueces Asociados Señores Irizarry Yunqué y Negrón García concurren en el resultado sin opinión.

